UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD FARINA,

    Plaintiff,

v.     Case No. 3:24cv287-TKW-HTC

NAVY FEDERAL
CREDIT UNION,

    Defendant.
_____/

REPORT AND RECOMMENDATION

Plaintiff Richard Farina, proceeding *pro se*, initiated this case by filing a complaint (Doc. 1) and motion to compel the civil state court to file notice of lis pendens (Doc. 2). After reviewing the filings, the undersigned concludes Farina's motion should be denied and his complaint should be dismissed with prejudice as frivolous.

**I.     Background**

Farina executed a promissory note secured by a mortgage on property in Cantonment, Florida. After Farina defaulted on the loan, Navy Federal Credit Union ("NFCU") brought a foreclosure action in state court in Escambia County.

*See* Escambia Cnty. Case No. 2019 CA 1265.[1]  The state court entered final judgment in favor of NFCU in June 2023, NFCU purchased the property at the foreclosure sale in August 2023, and NFCU filed a motion for writ of possession on June 11, 2024.  *Id.*

Farina brings this action in federal court against NFCU to avoid the consequences of the state court foreclosure action.  Among other things, Farina alleges: (1) his signature "transformed the Note into a Negotiable Financial Instrument [and asset] worth the value of the agreed transaction amount"; (2) NFCU deposited the "new asset" but failed to give him a receipt for the deposit, failed to disclose its "liability to Farina for the value of the asset," and failed to disclose that his signature "created new money that is claimed by NFCU as a 'loan' to Farina"; (3) NFCU deceived him "by calling his credit a 'loan' when it is an exchange for the deposited asset"; (4) NFCU provided "none of its own money so NFCU had no consideration in the transaction and thus no true contract exists"; (5) NFCU manipulates its balance sheet to evade taxes and hide its liability; (6) NFCU deceived him by portraying his "self-created credit as a 'loan' from NFCU, resulting in [a] lack of full disclosure" and "no true contract"; (7) "Farina was the true creditor in the transaction, having created the money"; and (8) NFCU

---

[1] The Court may take judicial notice of the online state court docket.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020).

Case No. 3:24cv287-TKW-HTC

demanded payments from him "without just cause, constituting deception, theft, and fraud." Doc. 1 at 3-6.

Farina also alleges NFCU sold his note on the secondary market without his knowledge or consent. Because Farina asserts the note he signed created an asset, he claims this unauthorized sale caused him "financial losses equivalent to the value of the securities that were sold on the secondary market." Doc. 1 at 3; *see also id.* at 7 (alleging the sale shows the financial instrument "has intrinsic value as an asset," but that value was "not credited to Farina as creator and depositor of the Instrument"). Farina does not indicate who purchased the note or when this sale occurred.

Based on the foregoing, Farina alleges NFCU violated a laundry list of federal and state laws, including twenty provisions of the tax code, though he never specifies which conduct violated which statute. Doc. 1 at 7-9. As relief, he seeks damages, restitution of the proceeds from the sale of the note, costs, attorney's fees, and an "accounting of all estate assets, transactions, and financial records to ascertain the full extent" of NFCU's misconduct. Doc. 1 at 10.

**II.    Legal Standard**

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de*

*Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (quotation marks and citation omitted).

### III. Discussion

#### A. Vapor Money Theory

Farina's complaint is based on the "vapor money" theory associated with the sovereign citizen movement. *See Brown v. Selene Fin. LP*, 2023 WL 3335060, at *4 (N.D. Ga. Apr. 10, 2023), *report and recommendation adopted*, 2023 WL 4996552 (N.D. Ga. June 1, 2023) (noting the "vapor money" theory "derives from the sovereign citizen movement"). "The essence of the 'vapor money' theory is that promissory notes (and similar instruments) are the equivalent of 'money' that citizens literally 'create' with their signatures." *McLaughlin v. CitiMortgage, Inc.*, 726 F. Supp. 2d 201, 212 (D. Conn. 2010) ("[A]ccording to the vapor money theory, the bank purports to lend the 'money' that was 'created' by the citizen's

Case No. 3:24cv287-TKW-HTC

signature *back to the citizen-borrower*."). One court described the theory as follows:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that Bank One took his "money," *i.e.,* the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that Bank One did not actually have the funds available to lend to him, but instead "created" the money through its bookkeeping procedures. He further argues that because Bank One was never at risk, and provided no consideration, the promissory note is void *ab initio,* and Defendants' attempts to foreclose on the mortgage are therefore unlawful.

*Demmler v. Bank One NA*, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006); *see also McLaughlin*, 726 F. Supp. 2d at 212 ("[P]laintiffs relying on the vapor money theory" allege "they gave the banks valuable 'money' (in the form of a promissory note), [but] the banks gave them something that is essentially worthless: 'mere' credit (and the right to live in their homes, but that appears to be immaterial to the argument).").

Courts have consistently found complaints based on the vapor money theory to be frivolous. *See Price v. Lakeview Loan Servicing, LLC*, 2021 WL 1610097, at *3 (M.D. Fla. Apr. 26, 2021) ("Plaintiff's arguments mirror other litigant's attempts to disavow legal obligations based on the vapor money theory and as such, the Court finds the Amended Complaint, to the extent it relies upon this theory, is 'utterly frivolous and lacks any legal foundation.'") (citation omitted); *Tonea v.*

*Bank of Am., N.A.*, 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2014) (noting: (1) "[a] claim based on the 'vapor money' theory typically relies upon the convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money"; and (2) "[c]ourts in this district have routinely rejected the 'vapor money' theory as frivolous"); *Demmler*, 2006 WL 640499, at *4 ("Plaintiff offers no authority for this patently ludicrous argument.").

And Farina's allegations fit squarely within the contours of the theory. *Compare* Doc. 1 at 6 (alleging NFCU's actions "were intended to falsify documents for financial gain and unjust enrichment") *with McLaughlin*, 726 F. Supp. 2d at 213 (noting one "alleged benefit of this theory is that when borrowing from a bank, the citizen-borrower actually *comes out ahead* in the transaction—after all, she is the only one who gave anything of value, and it would constitute unjust enrichment for the bank to 'keep' the value of what the citizen-borrower gave it") *and* Doc. 1 at 7 (alleging NFCU did not share the proceeds of the sale of his financial instrument with him) *with Richardson v. Deutsche Bank Trust Co. Americas*, 2008 WL 5225824, at *6 (M.D. Pa. Dec. 12, 2008) ("Plaintiff alleges that Regions Bank withheld information from him in order to freely trade the Plaintiff's promissory note for profit without distributing proceeds to the Plaintiff.").

Because Farina's claims are based on the vapor money theory, they are frivolous and his complaint should be dismissed with prejudice. *See Johnson v. Deutsche Bank Nat'l Trust Co.*, 2009 WL 2575703, at *4 (S.D. Fla. July 1, 2009) (concluding complaint "cannot state a cause of action as all counts rely on the vapor money theory, which is 'patently frivolous and a waste of judicial resources'" and "granting leave to amend would be futile").

### B. Motion to Compel

Farina also filed a motion asking the Court to compel either the state court or the state court clerk to file his notice of lis pendens. Doc. 2. Farina asserts the state court ordered the clerk not to accept his filings and, thus, he cannot respond to NFCU's motion for writ of possession. However, neither the state court judge nor the clerk is a party to this action. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012) ("It is well recognized that courts may not enter injunctions against persons or entities that were not party to the litigation before them."). And even if they were parties, this Court does not have the authority to control how a state court manages its docket. Lastly, although Farina claims he has no recourse in the state court proceedings, he may appeal unfavorable decisions made in the trial court to the state appellate court. Thus, Farina's motion to compel should be denied.

Accordingly, it is RECOMMENDED:

1. That Farina's motion to compel the civil state court to file notice of lis pendens (Doc. 2) be DENIED.

2. That this case be DISMISSED WITH PREJUDICE as frivolous.

At Pensacola, Florida, this 28th day of June, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv287-TKW-HTC